UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**ERICKA MYERS,**

    **Plaintiff,**

vs.

**NORTH AMERICAN ON-SITE, LLC, a Georgia Limited Liability Company, and NAOS ON-SITE STAFFING, LLC, a Georgia Limited Liability Company,**

    **Defendants.**
_____/

**CASE NO.:**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ERICKA MYERS, by and through the undersigned attorney, sues the Defendants, NORTH AMERICAN ON-SITE, LLC, a Georgia Limited Liability Company, and NAOS ON-SITE STAFFING, LLC, a Georgia Limited Liability Company, and alleges:

1. Plaintiff was an hourly worker for Defendants who would only be paid

1

her regular wage up to 40 hours in a week without overtime compensation if overtime hours were worked.  If Plaintiff worked a Saturday, she would be paid an additional $60 in pay, but not time and one-half of her hourly rate.  Defendants have violated the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") by failing to pay full and complete overtime compensation to Plaintiff.

## GENERAL ALLEGATIONS

2. Plaintiff worked for Defendants from approximately October 2019 to June 2020.

3. Plaintiff worked for Defendants at its customer's location (Williams-Sonoma) in Memphis, Tennessee.

4. Defendants are Georgia Limited Liability Companies which provide staffing needs to its clients throughout the United States. *See* http://www.naosstaffing.com/About.

5. Defendants are headquartered in Gwinnett County, Georgia, within the jurisdiction of this Court.

6. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and

costs.

7.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8.  During Plaintiff's employment with Defendants, Defendants earned more than $500,000.00 per year in gross sales.

9.  During Plaintiff's employment with Defendants, Defendants employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were computers, telephones, vehicles, trucks, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

11. Therefore, Defendants are considered enterprises covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

12. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff overtime compensation for overtime hours

worked.

13. When Plaintiff was hired, she was set to be paid $16 per hour worked.

14. When Plaintiff worked less than forty (40) hours in a week, she was paid her hourly rate multiplied by those hours.

15. However, when Plaintiff worked overtime hours, she was only paid for forty (40) hours total despite working such overtime hours.

16. If Plaintiff worked a sixth day on Saturday, instead of receiving overtime pay at time and one half of her hourly rate, she was only paid an extra $60 by Defendants.

17. Such a practice violates the FLSA and Plaintiff is entitled to be paid her overtime compensation at time and one-half her hourly rate.

18. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT ONE - RECOVERY OF OVERTIME COMPENSATION

19. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above.

20. During her employment with Defendants, Plaintiff was not paid overtime compensation at time and one-half of her hourly rate for overtime hours worked. *See* ¶¶ 13-16.

21. Because of Defendants' illegal pay practice as described above, Plaintiff is entitled to full time and one-half overtime compensation for her overtime hours worked.

22. Defendants did not have a good faith basis for their decision to not pay Plaintiff her overtime compensation for overtime hours worked.

23. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff full time and one-half overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

24. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

25. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ERICKA MYERS, demands judgment against Defendants for unpaid overtime compensation at one and one-half times the hourly rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred

in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 31st day of August, 2020.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
E-mail: RMorgan@forthepeople.com
***Attorneys for Plaintiff***